UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN J. TOCCO,

       Plaintiff,                                        Civil Action No. 05-73963

v.                                                    Judge Avern Cohn

ARGENT MORTGAGE CO., LLC,
a Delaware Corporation,

AMC MORTGAGE SERVICES, INC.,

AMERIQUEST MORTGAGE CO.,
a Delaware Corporation, and

RYAN PHILLIPS, jointly and severally,

       Defendants.
_____/

## ORDER

### A.

This case arises out of a mortgage executed by the plaintiff and her husband[1] (the Toccos) on August 29, 2003. The plaintiff is proceeding to trial against the following defendants on the following claims:

(1) The plaintiff is suing Argent Mortgage Co., LLC, for a violation of the Truth in Lending Act (TILA),15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.19, for failure to deliver a Good Faith Estimate prior to the closing. It was the mortgagee.

---

[1] Salvatore Tocco is now deceased.

1

(2) The plaintiff is suing Ryan Phillips (Phillips) for common law fraud and violation of Michigan Mortgage Brokers Act (MMBA), M.C.L. § 445.1672(b), for "fraud and deceit" relating to the terms of the mortgage.

(3) Plaintiff is suing AMC Mortgage Services, Inc. for common law fraud and violation of Michigan Mortgage Brokers Act (MMBA), M.C.L. § 445.1672(b) on a theory of vicarious liability for Phillips' actions.

AMC Mortgage Services, Inc. is included as a defendant only because Tocco says it formerly operated under the name of Ameriquest Mortgage Co., whom she says employed Phillips. The record reflects that AMC Mortgage Services, Inc. purchased the servicing rights to the mortgage from Argent Mortgage Co., LLC.

The defendants, on the other hand, assert that AMC Mortgage Services, Inc. is a separate company from Ameriquest Mortgage Co., and is therefore not liable for Philips' actions. Because it is unclear at this time who would be liable as Phillips' employer, both AMC Mortgage Services, Inc., and Ameriquest Mortgage Co. are defendants in this matter.[2]

---

[2]The former defendants dismissed on summary judgment are as follows:
(1) James White is an attorney. He was retained by the Toccos to help them negotiate with Nickola, the attorney who had a $50,000.00 lien on their home. White put Tocco in touch with Mike Olsen of Access Mortgage and Financial, Inc. To help them refinance their home.
(2) Access Mortgage and Financial, Inc., is a broker. It does not appear to have any formal relationship to Argent Mortgage Co., LLC.; Ameriquest Mortgage Co.; or AMC Mortgage Services, Inc.
(3) Mike Olsen was an Access Mortgage and Financial, Inc. employee. Olsen was dismissed from the case on his paying $7,500.00 to the plaintiff.
(4) Deutsche Bank National Trust Co. was assigned the mortgage from Argent Mortgage Co., LLC and is the current mortgagee.

2

**B.**

A description of the corporate defendants and their apparent relationship to one another follows:

(1) Argent Mortgage Co., LLC (a Delaware company) is a retail mortgage loan originator.

(2) Ameriquest Mortgage Co. (a Delaware company) is a wholesale mortgage loan originator and servicer.

(3) AMC Mortgage Services, Inc. (a Delaware company) is a mortgage servicer. It also sells and manages loans.

(4) Argent Mortgage Co., LLC ; Ameriquest Mortgage Co.; and AMC Mortgage Services, Inc. are wholly-owned subsidiaries of ACC Capital Holding Corporation, (a Delaware company) and a non-party to the case.

(5) AMC Mortgage Services, Inc. previously operated as the Loan Servicing Division of Ameriquest Mortgage Co., but now operates on its own. It is unclear when it became separate from Ameriquest Mortgage Co.

**C.**

A plain reading of the Joint Pretrial Statement does not make clear the factual predicate for the claims against the defendants. Accordingly, plaintiff shall address the Court by **Wednesday, May 23, 2007** on the following issues:

**A.** Is the description in Section B of the corporate defendants' business and relationship to one another correct?

**B.** What are the likely proofs at trial relating to the liability of the corporate

defendants and of Ryan Phillips?

SO ORDERED.

                                             s/Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

Dated: May 18, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 18, 2007, by electronic and/or ordinary mail.

                                             s/Julie Owens
                                             Case Manager, (313) 234-5160